UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KAREN ELLMANN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:17-cv-361 |
| AMSTED RAIL COMPANY, INC. and UNITED STEELWORKERS LOCAL 2003, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to Amend its Answer to Include Affirmative Defense [DE 52] filed by the defendant, Amsted Rail Company, Inc., on February 9, 2018. For the following reasons, the motion is **GRANTED.**

*Background*

On September 11, 2017, the plaintiff, Karen Ellmann, filed a Complaint against the defendants, Amsted Rail Company, Inc. and United Steelworkers Local 2003 (USW), alleging sex discrimination and retaliation. Amsted filed its Answer on October 10, 2017. Amsted, in its answer, "reserved the right to amend its answer to add defenses which may become known during the course of this action, including the defense of after-acquired evidence."

At the Rule 16 Pretrial Conference, the court set January 11, 2018, as the deadline for the defendants to seek leave to amend the pleadings. On January 3, 2018, Ellmann provided responses to Amsted's written discovery with a link to electronic documents. Amsted has claimed that after reviewing the 3000-plus pages of discovery, it uncovered confidential personnel and related documents that it believes Ellmann illicitly took during her employment in

violation of an employment agreement. Amsted has indicated that if it had known that Ellmann had taken these documents during her employment it would have discharged her. Therefore, Amsted has requested leave to amend its answer to include an after-acquired evidence defense. Amsted has indicated that at this point in the proceedings the parties have exchanged written discovery but that no depositions have been taken. The discovery deadline is July 13, 2018.

Ellmann filed a response in opposition on February 14, 2018, contending that Amsted has not shown that good cause exists to permit the amendment and that it would be prejudicial and/or futile. Amsted filed a reply on February 21, 2018.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. *Winters v. FruCon, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007) (quoting **Butts v. Aurora Health Care, Inc.**, 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227,

230, 9 L. Ed. 2d 222 (1962); *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013).

Ellmann has argued that Amsted's request for leave to amend its answer to assert an after-acquired evidence defense is untimely and that no good cause exists to permit the amendment. Ellmann has indicated that the discovery responses that form the basis of this motion were produced prior to the deadline that the court set for the defendants to amend their pleadings had expired. Thus, Ellmann has argued that Amsted could have requested an extension of the deadline.

**Federal Rule of Civil Procedure 16** imposes a good cause standard when a party seeks to amend a court's scheduling order. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The Seventh Circuit has endorsed the holding that Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking amendment. *Trustmark Ins. Co. v. General & Cologne Life Re of America,* 424 F.3d 542, 553 (7th Cir. 2005). Amsted has indicated that before preparing the appropriate motion it had to establish a good faith basis for raising an additional affirmative defense. Therefore, it reviewed the 3000 pages of discovery produced, evaluated how and for what purpose Ellmann possessed the confidential documents, and considered what actions it would have been taken had it been aware of Ellmann's conduct during her employment.

**Federal Rule of Civil Procedure 15(a)(2)** provides that leave to amend pleadings is to be freely given "when justice so requires." Justice would require that the defendant be permitted to amend its answer to add an affirmative defense once discovery revealed facts that supported it, and the defendant acted promptly after obtaining the relevant discovery. *See Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 733 (7th Cir. 2015). The motion was filed

approximately five weeks after receiving the discovery responses, and Amsted has offered a reasonable explanation for its delay.  Moreover at this stage in the proceedings, Ellmann will not be unduly prejudiced if Amsted is permitted to assert the affirmative defense.

Next, Ellmann contends that the proposed amendment is futile.  The court may deny leave because the amendment is futile.  ***Bethany Phamacal Company, Inc. v. QVC, Inc***., 241 F.3d 854, 861 (7th Cir. 2001).  If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper.  *See* **Wright & Miller, 6 Federal Practice & Procedure § 1487**, at 637-642 (2d ed. 1990) ("If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").  The court in considering whether the amendment is futile considers the legal sufficiency of the defense, not the merits.  Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  ***Bethany Phamacal Company, Inc. v. QVC, Inc.,*** 241 F.3d 854, 861 (7th Cir. 2001); ***Range v. Brubaker,*** 2009 WL 3257627, at *3 (N.D. Ind. 2009).

Ellmann was the HR Manager at Amsted's Hammond plant, which authorized her to possess personnel information that related to Amsted's employees.  Ellmann has indicated that the possession or retention of the personnel documents occurred after her employment ended, and therefore did not form the basis for an earlier termination.  However, Amsted has claimed that Ellmann forwarded confidential personnel or other materials, including medical records that had no relevance to her work, to her personal email accounts and that she manually took such material from Amsted's premises, which were grounds for termination.  Amsted has indicated that Ellmann's conduct predated her actual termination on December 19, 2016.

Under the after-acquired evidence defense, an employer may be found liable for

4

employment discrimination, but if the employer later—typically in discovery—turns up evidence of employee wrongdoing which would have led to the employee's discharge, then the employee's right to back pay is limited to the period before the discovery of this after-acquired evidence. *Sheehan v. Donlen Corporation,* 173 F.3d 1039, 1046 (7th Cir. 1999). To properly plead this defense, Amsted must allege: (1) existence of after-acquired evidence of employee-wrongdoing and (2) this wrongdoing would have led to employee's dismissal. *Johnson v. City of Elgin,* 2001 WL 199506, at *2 (N.D. Ill. 2001). Amsted has pled that Ellmann engaged in wrongdoing by misappropriating confidential personnel or other material, which would have led to her termination. The proposed amendment is not clearly futile. Therefore, it would be improper to deny Amsted leave to amend its answer.

Based on the foregoing, the Motion for Leave to Amend its Answer to Include Affirmative Defense [DE 52] is **GRANTED.** Amsted is **DIRECTED** to file the Amended Answer to Complaint as a separate docket entry.

ENTERED this 9th day of April, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge