UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KAREN ELLMANN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:17 CV 361 |
|  | ) |  |
| AMSTED RAIL COMPANY, INC., | ) |  |
| and UNITED STEEL WORKERS | ) |  |
| LOCAL 2003, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION and ORDER**

**I.  BACKGROUND**

Plaintiff Karen Ellmann worked as Human Resources Manager for Amsted Rail Company, Inc. ("Amsted"), from approximately 2014 to 2016. Her job duties included labor relations between Amsted and United Steel Workers Local 2003 ("USW"), the labor organization that represents Amsted's union employees.

After plaintiff's employment with Amsted ended, plaintiff sued both Amsted and USW for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.* ("Title VII"). Plaintiff also sued USW for tortious interference with employment under Indiana state law, arguing that USW induced Amsted to terminate plaintiff by circulating and submitting a petition demanding that Amsted do so. (DE # 1 ¶ 76.)

Defendant USW has moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (DE # 38.) The motion is fully briefed and ripe for ruling.

## II. LEGAL STANDARD

A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit explained, a

2

complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III.  DISCUSSION

### A.  Title VII Claims

USW moves to dismiss plaintiff's Title VII claims against it, arguing that because USW is not plaintiff's "employer," it cannot be held liable under Title VII for any claims brought by plaintiff. Plaintiff acknowledges that Title VII applies only to "employers," but presents the novel argument that USW is a "joint employer" of plaintiff by virtue of plaintiff's job at Amsted, where one of her duties was labor relations with unions like USW. Thus, according to plaintiff, she may sue USW under Title VII. Plaintiff cites to no caselaw in which any court has ever held that an individual performing the function of labor relations at a company is also legally an employee of the labor unions she interacts with, seeking from this court a ruling that would be the first of its kind.

The "joint employer" doctrine was designed to identify the business entities that control employees' terms and conditions of employment. *Whitaker v. Milwaukee Cty., Wisconsin,* 772 F.3d 802, 810 (7th Cir. 2014). The concept recognizes that sometimes business entities are in fact separate, but share or co-determine matters governing the essential terms and conditions of employment. *Id.* Factors to consider in determining joint employer status are: (1) supervision of employees' day-to-day activities; (2) authority to hire or fire employees; (3) promulgation of work rules and conditions of employment; (4) issuance of work assignments; and (5) issuance of operating instructions." *Id.*

Plaintiff claims that her complaint states a plausible Title VII claim against USW as a joint employer because: (1) her complaint alleges that USW "exerted significant control over Ellmann in the terms and conditions of her employment"; (2) she alleges that her job duties required frequent interaction with USW's chairperson, Eli Maya; and (3) she alleges that her performance was evaluated at least in part based on her ability to build labor relations. (DE # 44.)

The first of these "allegations" can be swiftly discounted, as it is not a well-pleaded fact at all, but rather a recitation of boilerplate law, which is insufficient to assist a claimant in surviving a motion to dismiss. *Strauss v. City of Chicago,* 760 F.2d 765, 767–70 (7th Cir. 1985).

The second allegation – that plaintiff's job duties required frequent interaction with USW's chairperson – demonstrates only that plaintiff and USW's chairperson

communicated, an activity that occurs between individuals employed by different companies every day. If simple communication between companies were indicative of joint employment status, the concept of employment would be so hazy as to be meaningless. The same flaw plagues plaintiff's allegation that her performance was evaluated in part based on her ability to build labor relations. If the fact that an employee's performance was evaluated based on her ability to build relationships with other companies translated into "joint employer" status for those other companies, many employees in this country would be "jointly employed" by hundreds of companies. Most importantly, though, plaintiff's allegations regarding her evaluation criteria and communications with USW shed light on precisely none of the *Whitaker* factors; the allegations fail to demonstrate that USW supervised plaintiff, had authority to hire or fire her, promulgated work rules or conditions of her employment, or issued work assignments or operating instructions to plaintiff. *Whitaker*, 772 F.3d at 810. Facts regarding USW's control over plaintiff with respect to the terms and conditions of her employment cannot even be reasonably inferred based on plaintiff's allegations.

In sum, plaintiff's allegations fail to establish a plausible Title VII claim premised on joint employer status. As such, plaintiff's Title VII claims against USW must be dismissed.

**B.    Tortious Interference with Employment Claim**

Plaintiff has also sued USW for tortious interference with employment under Indiana state law. USW argues that the National Labor Relations Act ("NLRA")

preempts state law claims like this one, warranting dismissal of the claim. The parties do not dispute the basic fundamentals of NLRA preemption, agreeing, it seems, that the NLRA generally preempts claims which allege that a labor union coerced an employer with respect to the selection of its representative. 29 U.S.C. § 158(b)(1). Plaintiff does not dispute that coercion is the very essence of her claim. (DE # 1 ¶ 76; DE # 44 at 8.) But, in an attempt to save her lawsuit, plaintiff presents another novel argument. This time she contends that this case does not involve a typical claim of coercion; rather, this case includes the additional layer of gender discrimination in connection with that coercion. As such, plaintiff contends, the claim is outside of the scope of the NLRA's preemption.

Once again, plaintiff presents no legal support or caselaw for this contention, nor could the court locate any through its own due diligence. Claims regarding coercion, it cannot be disputed, are subject to preemption under the NLRA. 29 U.S.C. § 158(b)(1). The exception plaintiff attempts to create in preemption law appears not to exist, and, without precedent, this court will not carve it out. Accordingly, USW's motion to dismiss is granted as to plaintiff's claim for tortious interference with employment.

IV. CONCLUSION

For the foregoing reasons, USW's motion to dismiss (DE # 38) is **GRANTED** and defendant United Steel Workers Local 2003 is **TERMINATED** as a defendant in this case.

**SO ORDERED.**

Date: September 25, 2018

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT